145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Sam Sidney ALLMAN, Defendant-Appellant.
 No. 97-30229.
D.C. No. CR-97-00015-EJL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1998.
Decided May 15, 1998.
 
 1
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, Chief District Judge, Presiding.
 
 
 2
 Before THOMPSON and TASHIMA, Circuit Judges, and STAGG, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Sam Sidney Allman appeals from a judgment of conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), and assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3). Allman contends that the district court erred by: (1) allowing the government to present expert testimony without providing a summary of the testimony to the defense in advance of trial, (2) denying his request for a continuance, (3) permitting testimony about the victim's injuries when the parties had stipulated that the victim sustained a serious bodily injury, and (4) allowing evidence of a prior assault on the victim. Allman also contends that the evidence was insufficient to support his conviction.
 
 
 5
 We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 6
 * Dr. Thorne's Expert Testimony
 
 
 7
 Allman contends that the government violated Federal Rule of Criminal Procedure 16 by failing to notify him in advance of trial that Dr. Thorne would testify that, in his expert medical opinion, the stabbing was not accidental. Rule 16(a)(1)(E) requires pretrial disclosure of "a written summary of [expert] testimony the government intends to use ... during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications." Allman argues that the government was required to inform him that Dr. Thorne's opinion was based not only on statements the victim made to him prior to her surgery, as was indicated in the FBI interview report, but also on his analysis of the depth of the wound.
 
 
 8
 We will reverse a conviction because of an alleged discovery violation only if the district court abused its discretion and that error resulted in prejudice to the defendant's substantial rights. See United States v. Basinger, 60 F.3d 1400, 1407 (9th Cir.1995). Having carefully reviewed the record, read the briefs, and considered counsels' oral arguments, we conclude the government violated Rule 16(a)(1)(E) by failing to provide the defense with the bases and reasons for Dr. Thorne's opinion that the stabbing was not accidental. This discovery violation, however, did not result in prejudice to the defendant's substantial rights. See Id.
 
 
 9
 In its trial memorandum, the government advised the defense that it intended to call Dr. Thorne as a witness at trial. The government also provided the defense with the FBI's interview of Dr. Thorne, which included Dr. Thorne's opinion that the stabbing was not accidental. The government also provided the defense with the medical records that Dr. Thorne completed.
 
 
 10
 Because Allman's defense was based entirely on accident, the defense reasonably should have expected the government to elicit Dr. Thorne's opinion and the bases and reasons for his opinion. The data for those bases and reasons was set forth in the FBI interview report and in Dr. Thorne's medical records. The government did not summarize that data, but it provided the data to the defense. The failure to present the data in summary form did not prejudice the defendant's substantial rights.
 
 
 11
 Although in this particular case the government's violation of Rule 16(a)(1)(E) did not result in prejudice to the defendant's substantial rights, that does not excuse the violation. Such a violation in an appropriate case will result in reversal of a defendant's conviction.
 
 II
 Continuance
 
 12
 Allman contends that the district court erred by denying his request for a continuance to consult with his own expert on the issue of whether the stabbing could have been accidental. We disagree.
 
 
 13
 A district court's decision to grant or deny a continuance lies within the broad discretion of that court, and will not be disturbed on appeal absent a clear abuse of discretion. See United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), amended, 764 F.2d 675 (9th Cir.1985).
 
 
 14
 The district court did not abuse its discretion. The defense was aware well before the commencement of trial that Dr. Thorne would testify, and, given that Allman's entire defense was based on accident, the defense reasonably should have anticipated that Dr. Thorne would be asked whether, in his expert medical opinion, the stabbing was accidental. If the defense wanted to consult an expert, it should have done so in preparing for trial. Its request for a continuance came after the jury had been empaneled; granting a continuance at that point would have inconvenienced the prosecution and the court. Finally, the defense does not explain what its expert would have opined on the issue of accidental or intentional injury; thus, the defense fails to explain how the denial of the requested continuance affected its ability to present its case. See United States v. Mejia, 69 F.3d 309, 314-15 (9th Cir.1995).
 
 III
 Stipulation
 
 15
 Allman contends that the district court erred by allowing Dr. Thorne to describe the nature of the victim's injuries because the parties had stipulated that the victim sustained a serious bodily injury. Allman argues that this testimony had no probative value and was prejudicial because it played on the jury's emotions and fears. See Fed.R.Evid. 403.
 
 
 16
 We review the admission or exclusion of evidence under Federal Rule of Evidence 403 for an abuse of discretion. See United States v. Etsitty, 130 F.3d 420, 423 (9th Cir.1997) (per curiam), amended, 1998 WL 159714 (9th Cir.1998).
 
 
 17
 Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
 
 
 18
 Here, Dr. Thorne's testimony was admitted to rebut Allman's claim that the stabbing was accidental, not to address the issue of whether the victim had sustained a serious bodily injury. The district court reasonably explained: "I do not believe that it is within the layman's knowledge to know exactly where the diaphragm is and where the liver is and the depth of those various organs and the amount of penetration that existed and whether it is consistent with what has to be proven here. To that extent, I believe it is relevant and the court is going to let that in." Moreover, as noted by the government, the testimony was merely factual and not highly inflammatory. The district court did not abuse its discretion by permitting Dr. Thorne to describe the nature of the victim's injuries.
 
 IV
 Prior Bad Act
 
 19
 Allman contends that the district court erred by admitting evidence of a prior incident in which Allman struck the victim in the face with a lamp. Allman argues that the district court should have excluded this evidence under Federal Rule of Evidence 404(b) because it was offered only to convince the jury that Allman was a violent person who acted in conformity with his violent character in committing the charged crimes.
 
 
 20
 The district court did not abuse its discretion in admitting evidence of the lamp incident. See United States v. Jackson, 84 F.3d 1154, 1158-59 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 445, 136 L.Ed.2d 341 (1996) (court of appeals reviews the admission or exclusion of evidence under Federal Rule of Evidence 404(b) for an abuse of discretion). The evidence of the lamp incident was properly admitted to rebut Allman's claim that the stabbing was accidental. See United States v. Boise, 916 F.2d 497, 501-02 (9th Cir.1990) (stating that the district court did not abuse its discretion by admitting evidence of prior injuries inflicted on infant to establish absence of accidental death).
 
 V
 Sufficiency of the Evidence
 
 21
 Allman finally contends that the evidence was insufficient to support his conviction because both he and the victim testified that the stabbing was an accident.
 
 
 22
 "The evidence is sufficient to support [a] conviction if, reviewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Basinger, 60 F.3d at 1404 (citations omitted). Criminal intent may be inferred from the defendant's actions. See United States v. Hernandez, 952 F.2d 1110, 1114 (9th Cir.1991).
 
 
 23
 Here, the evidence was sufficient to support Allman's conviction. The victim testified that she and Allman had an argument, that Allman picked up a knife and walked towards her with it "pretty fast," that she was scared, and that after the stabbing Allman called her a "bitch."
 
 
 24
 Allman testified that he was angry, that he picked up a knife to threaten the victim, that he used the knife to threaten and intimidate the victim, that he made motions with the knife towards the victim, and that the stabbing occurred when "we both rushed each other at the same time."
 
 
 25
 Dr. Thorne testified, stating his reasons for his opinion, that to a reasonable degree of medical certainty, the stabbing was not accidental. He also testified that when he treated the victim on the day she was stabbed, she told him the man she was living with (Allman) had stabbed her during a drunken rage.
 
 
 26
 When this evidence is viewed in the light most favorable to the government, a rational trier of fact could have found the essential elements of 18 U.S.C. §§ 113(a)(3) and (6) beyond a reasonable doubt. See Basinger, 60 F.3d at 1404.
 
 
 27
 AFFIRMED.
 
 
 
 **
 Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3